**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Sonia I. Diaz de Smith,

               Plaintiff,

vs.

NSHE, et al.,

               Defendant.

Case No. 2:26-cv-00835-RFB-MDC

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION (ECF NO. 5) AND SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 2-1)**

Pro se plaintiff filed a renewed *Application to Proceed In Forma Pauperis* ("IFP"). *ECF No. 5*. The Court grants plaintiff's IFP Application. *ECF No. 5*. The Court dismisses her complaint without prejudice, and with leave to refile. *ECF No. 2-1*.

**I.      WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Court previously denied plaintiff's IFP application as incomplete and ordered plaintiff to file this Court's approved long form. *ECF No. 4*. Plaintiff filed the long form with additional information/clarification, and states in response to question 11 that she is homeless. *ECF No. 5 at 5*. Plaintiff states that she is currently living on public assistance. *Id. at 2*. The Court finds that plaintiff cannot afford the filing fee and grants her IFP application.

**II.     WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM**

    **A.  Legal standard**

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Rule 12(b)(6) of the Federal

Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Plaintiff's Complaint**

Plaintiff's handwriting is difficult to read, but she appears to allege that the Nevada System of Higher Education ("NSHE") conspired with multiple financial-aid, registrar, and student health officials at the University of Nevada, Las Vegas (UNLV) and Nevada State University (NSU) over a period of eight years to engage in (1) fraud, (2) misrepresentation, and (3) a scheme to deny her federal student aid and equal access to higher education. *ECF No. 2-1*. Plaintiff claims the defendants violated the Racketeer Influence and Corrupt Organizations Act pursuant to 18 U.S.C. §§ 1961-1968 ("RICO"). Construing her complaint liberally, she also appears to bring an "equal protection/equal access to education" claim referenced through *Brown v. Board of Education*, 347 U.S. 483 (1954).

**i. Rule 8 and Plausibility**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura*

*Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

The complaint spans multiple academic years, agencies, and campuses. *ECF No. 2-1*. Plaintiff's assertions of conspiracy, fraud, and civil-rights violations are conclusory because she does not tie specific facts to specific conduct by each named defendant regarding each claimed violation. Plaintiff's complaint does not give fair notice for each defendant and claim. Plaintiff does not connect discrete factual allegations to each specific legal claim or to each defendant in a way that provides fair notice. For example, plaintiff's claims incorporate broad references to "officers of NSHE" and "conspiracy" over eight years but she broadly refers back to the statement of facts. Plaintiff does not organize which acts correspond to which cause of action, which defendants are sued on which theories, and what relief is sought from each. Plaintiff's complaint does not comply with Rule 8. Plaintiff's vague allegations, which are conclusory in nature and without factual support, are insufficient to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.

### ii.    Racketeer Influence and Corrupt Organizations Act (RICO) and Rule 9

Under 18 U.S.C. §§ 1961-1968, the Racketeer Influence and Corrupt Organizations Act (RICO), "[a]ny person injured in his business or property by reason of a violation of [RICO's prohibited activities] may sue." 18 U.S.C. § 1964(c); *see Id.* at § 1962. "The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). Plaintiffs must plead three elements to establish an enterprise, which include "(a) a common purpose, (b) a structure or organization, and (c) longevity necessary to accomplish the purpose." *Eclectic Properties E., LLC v.*

*Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). A RICO claim predicated on wire fraud is subject to Rule 9(b)'s heightened pleading standard. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986). Rule 9(b) requires that the circumstances constituting fraud be stated with particularity. *Id.*

"[G]overnment entities are incapable of forming [the] malicious intent' necessary to support a RICO action." *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (quoting *Lancaster Cmty. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir. 1991)). see also *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.").

Plaintiff alleges that NSHE officers engaged in a pattern of misrepresentation of facts, fraud, and violations of her civil rights aimed at depriving her of federal student aid. *ECF No. 2-1*. Plaintiff alleges that the officers sent false reports to multiple government agencies. *Id*. Since plaintiff invokes fraud and civil RICO to challenge higher-education financial-aid decisions by NSHE institutions and employees, pursuant to Rule 9, she must plead with particularity any predicate racketeering acts, a pattern, enterprise, or proximate injury to business or property in a manner satisfying plausibility standards. *ECF No. 2-1 at 9.* Plaintiff has not met the Rule 8 standard, so she has also not met the higher Rule 9 standard which requires particularity. Plaintiff's RICO claim rests on conclusory labels and lacks the factual particularity and plausibility required to proceed. The Court thus dismisses this claim without prejudice.

### iii.  Due Process Claim

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To plausibly allege a federal due process claim. To plausibly allege a federal due process claim, a plaintiff

"must establish that one of these interests is at stake." *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005). The Supreme Court has held that the Fourteenth Amendment's procedural due process protections were violated when an Ohio high school suspended students without a hearing because an Ohio statute guaranteeing free education to all children between the ages of six and twenty-one created a protectible property interest in education. *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). The Court explains in *Goss* that when a state creates an entitlement to, or other property right in, education, Fourteenth Amendment procedural due process protections apply. *See S.B. v. California Department of Education*, 327 F. Supp. 3d at 1251. The constitutional right at stake in *Goss* was procedural due process under the Fourteenth Amendment, not a general constitutional right to education. *Mays on behalf of P.P. v. Clark Cnty. Sch. Dist.*, No. 221CV00476GMNBNW, 2022 WL 943173, at *2 (D. Nev. Mar. 27, 2022).

Reviewing her claims liberally[1], it appears that plaintiff alleges that the defendants violated her due process rights by preventing her access to education. Plaintiff's complaint does not allege that education is recognized as a property right in Nevada. It is also not clear from plaintiff's complaint that deprivation of her education is tied to Fourteenth Amendment procedural due process.

**IT IS SO ORDERED:**

1. That plaintiff's *Application To Proceed In Forma Pauperis* (ECF No. 5) is **GRANTED**.

2. Plaintiff's complaint (ECF No. 2-1) is **DISMISSED** without prejudice with leave to amend.

3. That plaintiff has until **July 23, 2026**, to file an amended complaint addressing the issues discussed above.

---

[1] Plaintiff cites to *Brown v. Board of Education*, 347 U.S. 483 (1954) for this proposition, which held that separating children in public schools based on race was unconstitutional. It is not clear how this case pertains to plaintiff's case, so the Court liberally construes her claim as a due process violation.

5

4.   Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

**IT IS SO ORDERED.**

DATE: June 23, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**