**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sonia I. Diaz de Smith,<br>Plaintiff,<br>vs.<br>NSHE, et al.,<br>Defendants. | 2:26-cv-00835-RFB-MDC<br>**ORDER** |

Plaintiff filed a *Motion for Referral to the Federal Pro Bono Program* ("Motion for Referral")(ECF No. 7) and a *Motion to Extend Time to file Amended Complaint* ("Motion to Extend")(ECF No. 8). The Court **DENIES** the Motion for Referral without prejudice and **GRANTS** the Motion to Extend.

## I. LEGAL STANDARD

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows: "When an act may or must be done witneglect.cified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original

time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

## II. ANALYSIS

The Court granted plaintiff's IFP application. However, plaintiff's complaint did not pass screening and the Court gave plaintiff leave to amend. Plaintiff argues that her RICO case is complicated and she needs an attorney to draft her amended complaint. The Court does not find the plaintiff has shown the required exceptional circumstances. Since plaintiff has not passed screening and demonstrated a viable claim, nor has the defendant responded to plaintiff's allegations, the Court cannot determine if she is likely to succeed on the merits at this time. Civil RICO cases are frequently brought by pro se litigants, so the Court cannot determine if plaintiff is unable to articulate her claims in light of the complexity of the legal issues at this time. The Court finds that her request is premature. Though plaintiff is unable to meet the standard for appointing counsel at this time, she may refile her motion if her case survives screening. The Court thus denies the Motion without prejudice. Regarding plaintiff's extension request, she asks for forty-five more days to prepare her amended complaint. The Court finds that she has shown good cause and grants her Motion to Extend.

//

//

**IT IS SO ORDERED**

1. Plaintiff's *Motion for Referral to the Federal Pro Bono Program* (ECF No. 7) is **DENIED** without prejudice, with leave to refile if her case survives screening.
2. Plaintiff's *Motion to Extend Time to file Amended Complaint* (ECF No. 8) is **GRANTED.**
3. Plaintiff has until **November 10, 2026** to file her Amended Complaint that complies with the Court's prior screening Order (ECF No. 6).

DATE: September 24, 2026.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.